IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 7 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-02273-BNB

DEANDRE THIRKIELD,

      Plaintiff,

v.

OFFICER MANSPEAKER,
OFFICER FOYSTER, and
OFFICER KEEHAN,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

      Plaintiff, DeAndre Thirkield, is a prisoner in the custody of the United States

Bureau of Prisons who currently is incarcerated at the United States Penitentiary,

Administrative Maximum, in Florence, Colorado. He submitted to the Court *pro se* a

civil rights complaint pursuant *Bivens v. Six Unknown Named Agents of Fed. Bureau

of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993) seeking money

damages.

      The Court must construe the complaint liberally because Mr. Thirkield is

representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under *Bivens*, a plaintiff must

allege that the defendants have violated his or her rights under the United States

Constitution while the defendants acted under color of federal law. For the reasons stated below, Mr. Thirkield will be directed to file an amended complaint.

Mr. Thirkield asserts three claims. As his first claim, he alleges that on May 31, 2007, the defendants subjected him to excessive force when he was placed inside a recreation cell. He contends that Officers Manspeaker and Keehan violently pulled his arms through the food slot of the recreation door at the same time that Officer Foyster hit him on the back with a riot baton. He fails to allege what, if any, injury he received. As his second claim, he makes vague allegations of retaliation by Officer Manspeaker. As his third claim, he contends that staff members witnessed him on the recreation cell floor after the assault, left him there for the entire one-year recreation period, and failed to send for medical assistance. He does not specify against whom this claim is asserted. He fails to provide the Court with the address of each named defendant.

Mr. Thirkield must name each defendant he intends to sue in the caption to the amended complaint, must allege exactly what each defendant did to violate his constitutional rights, and must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Thirkield must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her

supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Thirkield also must provide the address of each named defendant.

Mr. Thirkield may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Thirkield uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Mr. Thirkield will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the

emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Thirkield "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1164 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Thirkield file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Thirkield, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Thirkield submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Thirkield fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction

within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 27, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02273-BNB

DeAndre Thirkield
Reg. No. 50204-019
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on___1/2/10+___

                            GREGORY C. LANGHAM, CLERK


By:_____
                         Deputy Clerk